■ The People of the State of New York, Respondent, v Rodney Thorne, Appellant. [713 NYS2d 526] —Judgment, Supreme Court, New York County (Laura Drager, J., at hearing; Edwin Torres, J., at jury trial and sentence), rendered July 29, 1998, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and two counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 3½ to 7 years, 1 year and 1 year, respectively, unanimously affirmed. Judgment, same court (Laura Drager, J.), rendered December 16, 1998, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 4½ to 9 years, unanimously affirmed.

The hearing court properly held that the People sustained their burden of proving an independent source for the second warrant based upon evidence that it was obtained as a result of independent and reliable information provided by a confidential informant, and that the police officer's prior knowledge of defendant as a result of the first warrant served only to enhance her assessment of the informant's reliability but did not have a causal connection with the second warrant (*see, Murray v United States*, 487 US 533, 542). The record fails to support defendant's argument that the hearing court curtailed defense counsel's cross-examination. We have considered and rejected defendant's remaining arguments. Concur—Nardelli, J. P., Mazzarelli, Lerner, Andrias and Buckley, JJ.